UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**UNITED STATES OF AMERICA,**

    v.                                                     CRIMINAL NO. 2:19cr128

**LOUIS SHEPPARD,**

        Defendant.

## MEMORANDUM ORDER

This matter comes before the court on the Defendant's Motion for a Reduction in Sentence ("Motion"), filed pro se on July 31, 2020. ECF No. 50. In the Motion, the Defendant requests that his sentence be reduced because of the spread of the novel Coronavirus ("COVID-19") and because of his rehabilitation while incarcerated.

### I. Procedural History

On July 26, 2019, the Defendant pled guilty to Count One of a single-count Criminal Information. ECF No. 24. Count One charged him with Conspiracy to Manufacture, Distribute, and Possess with Intent to Manufacture and Distribute One Kilogram or More of Heroin, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A). ECF No. 18. On November 6, 2019, the court sentenced the Defendant to one hundred seventy months (170) imprisonment and five (5) years of supervised release. ECF No. 44.

The Defendant filed the instant Motion on July 31, 2020. ECF No. 50. The court ordered the Government to respond. ECF No. 51. The Government filed a Response in Opposition on September 8, 2020.

ECF No. 52. The Defendant filed a "Response to the Government's Opposition . . ." on September 15, 2020. ECF No. 53.

## II. Exhaustion of Remedies

Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), the court may modify a term of imprisonment, if it finds that "extraordinary and compelling reasons warrant such a reduction." Id. Before the court may consider such a motion, however, the defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf," or there must have been a "lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." Id. § 3582(c)(1)(A).

The warden of the Defendant's facility denied his request for compassionate release and advised that he "may . . . appeal . . . directly to the Sentencing Court." Mot., Ex. E. The Government concedes that the Defendant has exhausted his administrative remedies, see Gov't Resp. at 1, and so the court concludes that he has done so.

## III. Merits

Next, the court must consider whether the Defendant has shown "extraordinary and compelling reasons" that justify a reduction in his sentence. Any reduction under § 3582(c)(1)(A) must be "consistent with applicable policy statements issued by the Sentencing Commission." Id. § 3582(c)(1)(A)(ii). As applicable

2

here, the relevant policy statement states that the court may reduce a term of imprisonment if, after considering the factors in 18 U.S.C. § 3553(a), it determines that: 1) "extraordinary and compelling reasons warrant the reduction"; 2) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and 3) "the reduction is consistent with this policy statement." U.S.S.G. § 1B1.13, p.s. (emphasis added). The Commentary to § 1B1.13 defines certain circumstances that may qualify as extraordinary and compelling if they are met. See U.S.S.G § 1B1.13, cmt. (n.1).

The court concludes that the Defendant is not entitled to a sentence reduction for several reasons. First, the Defendant has not demonstrated that he is at a particularized risk of contracting COVID-19 at this juncture. The Defendant, who is 45 years old, attaches medical records to his Motion suggesting he suffers from hypertension, prediabetes, and obesity, Mot, Ex. A., and that these underlying conditions put him at a high-risk of death were he to contract COVID-19 in prison. Mot. at 2. The Government argues that hypertension is not an "increased risk condition" that makes the Defendant "particularly vulnerable to COVID-19." Gov't Resp. at 2. The Government also notes that the Defendant's BOP medical records, see Gov't Resp., Ex. A., and the Defendant's PSR, see ECF No. 33

3

¶ 46, do not indicate that he has been diagnosed with prediabetes. See Gov't Resp. at 3.

"In the context of the COVID-19 outbreak, courts have found extraordinary and compelling reasons for compassionate release when an inmate shows both a particularized susceptibility to the disease <u>and</u> a particularized risk of contracting the disease at his prison facility." <u>United States v. Feiling</u>, No. 3:19CR112, 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020) (Novak, J.) (emphasis added). Even assuming the Defendant is particularly vulnerable to COVID-19 because of his medical conditions, he has failed to show that he has a particularized risk of contracting the virus. As of September 29, 2020, there are no inmates with active cases of COVID-19 at the Defendant's facility, FCI Loretto.[1] Furthermore, the BOP appears to be adequately treating the Defendant for his health issues, and his facility is taking preventative measures to protect him from the virus. <u>See</u> Gov't Resp. at 2; <u>id.</u>, Ex. A. Accordingly, the Defendant cannot show "extraordinary and compelling reasons" on this ground.

Second, the Defendant's release would present a danger to the community, and the factors that the court must consider in 18 U.S.C. § 3553(a) weigh against the Defendant's release. The Defendant contends that his "extensive rehabilitation" shows that "he is no longer a threat to public safety." Mot. at 16. Although

---

[1] <u>See</u> Fed. Bureau of Prisons, COVID-19 Cases, https://www.bop.gov/coronavirus/.

the court encourages the Defendant's continued efforts at rehabilitation, he has served little time for an extremely serious offense. The Defendant has only served about seventeen (17) months, or ten percent, of his term of one hundred seventy (170) months. See Gov't Resp. at 4-5; id., Ex. B. He is not projected to be released until April 28, 2031.[2] His criminal offenses involved supplying over fourteen kilograms of heroin to a drug-trafficking organization. PSR ¶ 6. He committed these crimes despite a previous six-year prison sentence for the criminal sale of a controlled substance. PSR ¶ 30.

The court agrees with the Government that the Defendant's serious criminal conduct in spite of a previous term of imprisonment and his "pattern of committing crime while out of custody" weigh against the Defendant's release. Gov't Resp. at 5; see Coleman v. United States, No. 4:17-CR-69, 2020 WL 3039123, at *4 (E.D. Va. June 4, 2020) (Jackson, J.) ("[T]he Court is advised against grants of compassionate release when the petitioner is a danger to the safety of any person or to the community."). Granting a reduction at this juncture would also not reflect the seriousness of the offense, promote respect for the law, or afford adequate deterrence. See 18 U.S.C. § 3553(a)(2).

Finally, the Defendant's proposed release plan "fails to establish how his release . . . presents a viable alternative

---

[2] See Fed. Bureau of Prisons, Inmate Locator, https://www.bop.gov/inmateloc/.

sentence." Feiling, 2020 WL at *8. If released, the Defendant would reside in a New York City apartment with his fiancé, where he would care for his special-needs daughter. Mot. at 2, 22. Like the Defendant in Feiling, whose facility at the time also did not have any COVID-19 cases, the Defendant "fails to demonstrate how his release . . . will significantly reduce his likelihood of contracting COVID-19." Feiling, 2020 WL at *8. He is frankly more, or as, susceptible to COVID-19 exposure based on his release plans.

Moreover, the Defendant plans to return to the same residence where he was arrested "in possession of 138 rounds of ammunition, drug-packaging materials with white residue that field-tested positive for cocaine, 31 pouches containing a green leafy substance that field-tested positive for marijuana, 67 white pills, four gold-colored necklaces and one gold-colored ring, and $1,807 in cash." ECF No. 28 ¶ 24; see Gov't Resp. at 4. "The cash and jewelry" recovered at the residence "represented proceeds of drug sales." ECF No. 28 ¶ 4. The court concludes that the Defendant's plan to return to the very residence implicated in his criminal conduct, particularly after serving so little of his sentence, does not constitute a viable release plan.

6

## IV. Conclusion

For the foregoing reasons, and having considered the factors in 18 U.S.C. § 3553(a), the court concludes that the Defendant is not entitled to a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Defendant's Motion is **DENIED**.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to the Defendant, the United States Attorney at Norfolk, and the BOP.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

September 29, 2020